## Bryan, Kennedy & Co. *versus* The Commonwealth.

Tho judgment of the Quarter Sessions cannot be reversed unless the record of the proceedings be furnished.   Error will not be presumed.

CERTIORARI to the Quarter Sessions of *Allegheny county.*

Proceedings were instituted against Bryan, Kennedy & Co. before an alderman, under the act relating to sealers of weights and measures, of 15th April, 1845, in order to recover the penalty of $5 for the alleged violation of that section of the act that provides for the annual testing of scales and weights by the regulator. Upon the oath of one R. S. Lynch, that defendants refused to have their scales and weights tried, the alderman imposed a fine of $5, and from his judgment defendants appealed.   No further record evidence appears.   It is stated that the court affirmed the judgment of the alderman.

This judgment of the court was the error assigned, because :

1. The proceedings should have been by summary conviction.

2. It did not appear that any offence had been committed, or that the penalty had been incurred ; it nowhere appearing on the record, that any person having official authority to adjust the scales called on the defendants, and there is no Act of Assembly making it an offence to refuse to let R. S. Lynch adjust the scales.

*Shaler*, for plaintiffs in error.

The opinion of the court was delivered by

KNOX, J.—It is evident that this case is not considered of much importance by either of the parties to it ; for there is no appearance on behalf of the Commonwealth, and the plaintiff in error has not furnished us with a record of the proceedings which he seeks to reverse.   True, we have the transcript of the justice of the peace on our paper-books, but the last we hear of the case from this transscript is that it was taken to the Quarter Sessions by an appeal. Here the case ends, so far as we have any record evidence.   In the statement of the case in the paper-book, it is said to have been decided in the Quarter Sessions adversely to the plaintiff in error. But how it was tried after the appeal, whether by the record, or the introduction of testimony which did not appear upon the record, is left entirely to be conjectured.   As a matter of course, we will not say that the Sessions committed an error until it is so made to appear.

Judgment affirmed.